```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

KEVIN SWEET and DIANE D. SWEET      :    BK No. 04-12083
            Debtors                          Chapter 13
- - - - - - - - - - - - - - - - - -x
```

### ORDER DENYING DEBTORS' MOTION FOR CORRECTIVE ORDER

Before the Court is the motion of Kevin Sweet for a "Corrective Order." Mr. Sweet states in his motion that:

> On or about January 30, 2005, the judge ordered "the case be dismissed as it was previously" (Kevin Sweet barred from filing without permission of the Court). The new order is incorrect in that the Trustee has now listed the Debtor's wife as being barred from filing without permission of the Court.

*See* Document No. 83. The Trustee objects on the ground that while Kevin Sweet has had six prior filings of his own here,[1] that this is also Mrs. Sweet's fourth Chapter 13 filing with this Court,[2] and that the bar clearly applies to her, as well.

The Trustee is correct and his objection is sustained. All of Kevin Sweet's prior Chapter 13 filings were dismissed because of his repeated failure to perform as promised, *see* Order Dismissing Case, BK No. 02-14644, Document No. 117, August 28,

---

[1] There were seven prior filings by Mr. Sweet if we count BK No. 93-12884 which resulted in a Chapter 7 discharge.

[2] Diane Sweet, who has also filed under the name Diane Loranger, has filed the following cases: 01-11455, 02-11462, 04-10582, all of which were dismissed for her failure to comply with debtor's duties under the Code. Each case is filled with Orders to Show Cause and Notices of Intent to Dismiss, and none came close to confirmation.

2003, and he is clearly the architect of his wife's four failed cases. Notwithstanding their ten prior combined Chapter 13 filings, in which this Court is complicit by its overindulgence, the Sweets have never achieved confirmation of a viable Chapter 13 Plan. In the instant case, Mr. and Mrs. Sweet, as usual, were given more than ample opportunity to perform, but each time the Court set a deadline or extended deadlines for their benefit, they defaulted on their representations which, at this point, and with the benefit of hindsight, all proved to be false. The Sweets' serial filings constitute an intentional abuse of the bankruptcy process, and an embarrassment to this Court for permitting it to happen. For these reasons, and others too numerous to recite here, the Order entered on February 10, 2005, clearly bars any future filings without first obtaining the Court's permission, as to both Kevin Sweet and Diane Loranger Sweet. That was and is the Court's intention, which, in the circumstances, needed no clarification or correction. Kevin Sweet's Motion for a corrective order is frivolous, and it is DENIED, with prejudice.

Dated at Providence, Rhode Island, this    9th    day of March, 2005.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 3/9/2005